### CHARLEY WASHINGTON v. STATE.

No. A- 4652.   Opinion Filed March 1, 1924.
(223 Pac. 408.)

(Syllabus.)

1. **Appeal and Error—Appeal not Dismissed for Failure to File Case-Made.** Where an appellant filed in this court a complete and duly certified transcript of the record, and attaches thereto his petition in error, with service of notices of appeal on the court clerk and county attorney, all within the period allowed for taking such an appeal to this court, and at the time of filing such transcript procured an order of this court permitting him to supplement said record by case-made, the appeal will not be dismissed for failure to file a case-made, as appeals to this court may be taken by transcript only of the record as well as by case-made.

2. **Same—Review—Examination of Transcript for Fundamental Error.** Where the appeal is by transcript of the record only, and the questions raised by the petition in error are not such as may be intelligently passed upon by a consideration of

the transcript of the record, the court will examine the transcript for fundamental errors, and if none appear the judgment will be affirmed.

Appeal from County Court, Adair County; W. H. Martin, Judge.

Charley Washington was convicted of the crime of unlawfully manufacturing intoxicating liquor, and he appeals. Affirmed.

A. W. Turner and E. B. Arnold, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from the county court of Adair county, wherein the plaintiff in error, Charley Washington, was convicted of the crime of unlawfully manufacturing intoxicating liquor, and sentenced to pay a fine of $200, and to be imprisoned in the county jail for a period of 60 days.

The Attorney General has filed the following motion to dismiss the appeal:

"Comes now George F. Short, Attorney General, and moves the court to dismiss the appeal in the above and foregoing cause, for the reason that the order of this court has not been complied with.

"Movant shows the court that judgment was rendered in the county court of Adair county, April 3, 1923, and defendant was given 30 days in which to prepare and serve case-made. On April 26, 1923, defendant filed certified copies of a portion of the record in the Criminal Court of Appeals, and on such transcript the Criminal Court of Appeals issued an order allowing and fixing amount of supersedeas bond and giving the defendant an extension of time of 20 days from the 7th day of May, 1923, in which to make and serve case-made on appeal; 10 days thereafter in which to sug-

gest amendments, same to be signed and settled upon 5 days' notice by either party, and for good cause shown plaintiff in error is given an extension of 60 days from the 7th day of May, 1923, in which to file and attach said case-made to his transcript and petition in error, in this court, in this cause.

"Movant further shows the court that no case-made has been filed in the Criminal Court of Appeals at this time, and that the time given by the court has long since elapsed:

"Wherefore, the Attorney General prays that said appeal be dismissed."

The motion of the Attorney General to dismiss the appeal is overruled. The record shows that plaintiff in error has a complete and duly certified transcript of the record attached to his petition in error, and appeals by transcript, with petition in error attached, are permissible under the provisions of section 2814, Compiled Statutes 1921.

The failure of plaintiff in error to supplement the record by filing a case-made as applied for to this court on the 26th day of April, 1923, indicates that this appeal has practically been abandoned, because the errors alleged in the petition are not such as may be intelligently passed upon by a consideration of the transcript of the record only. The time has long since expired in which the plaintiff in error may supplement this record by filing a case-made under the terms of the orders of this court.

The court, however, has examined the transcript of the record and considered the same in connection with the errors assigned in the petition. Proceedings leading up to the judgment appear to be regular. No fundamental error is contained in the instructions given. The judgment conforms to the charge, and the punishment imposed is within the limits allowed by the statute.

Finding no reversible error in the record before us, the judgment is affirmed.

BESSEY and DOYLE, JJ., concur.